IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LEWIS A. STUBBS,

    Petitioner,

vs.                                    Case No. 4:12cv400-RH/CAS

FLORIDA PAROLE COMMISSION, and

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,

    Respondents.
    _____/

## REPORT AND RECOMMENDATION

On August 7, 2012, Petitioner Lewis Stubbs, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. After direction by this Court, Doc. 5, Petitioner filed an amended § 2254 petition, Doc. 6, and a second amended petition, Doc. 8. Petitioner challenges a November 2000 decision of the Florida Parole Commission (Commission) establishing his Presumptive Parole Release Date (PPRD). Doc. 8. On June 27, 2013, the Commission filed an answer which included a request to dismiss the § 2254 petition as untimely, with exhibits. Doc. 10. Petitioner did not file a reply, although given an opportunity to do so. *See* Doc. 9.

On June 6, 2014, the undersigned U.S. Magistrate Judge entered a Report and Recommendation to dismiss this § 2254 petition as untimely. Doc. 11. On June 20,

2014, Petitioner filed objections to the Report and Recommendation, including that he had never received a copy of Respondent's Answer. Doc. 12. In an Order issued July 6, 2014, the district judge vacated the Report and Recommendation, and remanded the case to the undersigned for consideration of Petitioner's objections and any further appropriate action. Doc. 13.

Thereafter, on July 8, 2014, the undersigned directed Respondent to serve a copy of the answer on Petitioner no later than July 18, 2014, and allowed Petitioner until August 18, 2014, to file a reply. Doc. 14. In that order, it was noted that the records before the Court indicated the Respondent's Answer was sent to the Petitioner, evidenced by the Certificate of Service, at the Petitioner's address of record, the same address to which the Report and Recommendation was sent. *Id.*; *see* Doc. 10 at 26. On July 9, 2014, Respondent filed an Amended Certificate of Service advising the Court that another copy of the Answer had been mailed to Petitioner at Union Correctional Institution. Doc. 15.

When Petitioner did not file a reply as directed, this Court checked the Inmate Locator Service on the Department of Corrections website, which indicated Petitioner was being housed at the RMC Main Unit in Lake Butler. *See* Doc. 16. Accordingly, the undersigned ordered an update of Petitioner's address and allowed Petitioner additional time to file a reply or otherwise advise the Court. *Id.*

A recent inquiry on the Department of Corrections website indicated that Petitioner, Lewis A. Stubbs, is deceased. *See* Offender Search, Fla. Dep't of Corr. (indicating information current as of October 18, 2014). Accordingly, the parties were

directed to show cause no later than November 20, 2014, why this case should not be dismissed as moot. Doc. 17. *See, e.g.*, Bruno v. Sec'y, Fla. Dep't of Corr., 700 F.3d 445 (11th Cir. 2012) ("The death of the habeas petitioner renders a habeas action moot."). To date, the Court has received no response.

Based on the foregoing, the § 2254 petition filed by Lewis A. Stubbs should be dismissed as moot. *See, e.g.*, Bruno, 700 F.3d at 445 (vacating judgment and remanding case to district court with directions to dismiss case as moot following death of petitioner, who had appealed district court's denial of his § 2254 petition); Penney v. Sec'y, Dep't of Corr., No. 8:10cv726-T-33TGW, 2013 WL 5962971 at *1 (M.D. Fla. Apr. 17, 2013) (dismissing § 2254 petition on remand from Eleventh Circuit after petitioner's counsel filed suggestion of death and notice of mootness).

### Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

### Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DISMISS as moot** Petitioner Stubbs' second amended § 2254 petition (Doc. 8).  It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on December 4, 2014.

S/  Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file**

**specific objections limits the scope of review of proposed factual findings and recommendations.**